1  MICHAEL J. DUVALL (Bar No. 276994)
   michael.duvall@dentons.com
2  KELLY R. GRAF (Bar No. 301325)
   kelly.graf@dentons.com
3  POOJA L. SHAH (Bar No. 330550)
   pooja.l.shah@dentons.com
4  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
5  Los Angeles, California 90017-5704
   Tel: (213) 623-9300 / Fax: (213) 623-9924
6
7  Attorneys for Defendant
   PAULA'S CHOICE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE CODY, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>PAULA'S CHOICE, LLC, a Washington limited liability company, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No.  8:23-cv-182<br><br>**NOTICE OF REMOVAL UNDER CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, AND 28 U.S.C. § 1453**<br><br>[From the Superior Court of California, County of Orange, Case No. 30-2022-01298397-CU-MT-CXC] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD**:

PLEASE THAT NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453, Defendant PAULA'S CHOICE, LLC ("Paula's Choice" or "Defendant") hereby files its Notice of Removal of the above-entitled action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.  In support of its removal, Defendant respectfully offers the following:

## I. BACKGROUND

1. On December 21, 2022, Plaintiff Annette Cody ("Plaintiff") filed a civil action, on behalf of a putative California Class, captioned *Annette Cody, individually and on behalf of all others similarly situated v. Paula's Choice, LLC, a Washington limited liability company, and DOES 1-10, inclusive*, Orange County Superior Court Case No. 30-2022-01298397-CU-MT-CXC ("State Court Action").

2. The sole named defendant in the State Court Action is Paula's Choice, LLC.

3. Plaintiff alleges two causes of action against Paula's Choice for invasion of privacy in violation of California Penal Code section 631 and California Penal Code section 632.7. (Complaint ¶¶ 28-41).

4. The Complaint alleges that Paula's Choice "covertly embedded software code" that "intercepts, records and creates transcripts" of conversations of website visitors who use the chat feature on Paula's Choice's website, and "allows at least one independent third party vendor" to eavesdrop upon those communications in violation of Penal Code section 631. (*Id.* ¶ 12.). The Complaint further alleges that Paula's Choice violated Penal Code section 632.7 because "Plaintiff… communicated with [Paula's Choice] using telephony subject to the mandates and prohibitions of Section 632.7." (*Id.* ¶ 37.)

5. On December 29, 2022, a copy of the Summons, Complaint, and associated papers were personally served on Paula's Choice's registered agent and papers filed and served upon Paula's Choice in the State Court Action, including the Complaint, are attached as **Exhibit A**.

6. Paula's Choice is filing this Notice of Removal within thirty (30) days of the service of Plaintiff's Complaint on it in this action, and thus removal is timely under 28 U.S.C. section 1446.

7. The State Court Action is removable to this Court, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1446,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

and 28 U.S.C. § 1453, because the State Court Action satisfies all the requirements under CAFA for federal jurisdiction based upon Plaintiff's allegations and theories (which Paula's Choice disputes, but which control for removal purposes): (1) the parties are minimally diverse; (2) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (3) the proposed class consists of more than 100 putative class members; and (4) the exceptions to CAFA preventing removal do not apply.

## II. THE STATE COURT ACTION IS REMOVABLE UNDER CAFA, 28 U.S.C. § 1332(d).

8. Plaintiff filed this putative class action Complaint on behalf of:

> "All persons within California, who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded, and/or eavesdropped upon without prior consent." (Complaint ¶ 22.)

Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action."

9. CAFA expands federal jurisdiction over class actions and expressly provides that class actions filed in state court are removable to federal court where (a) any member of the putative class is a citizen of a State different from that of any defendant; (b) the aggregate amount in controversy for the putative class exceeds $5,000,000 exclusive of interest and costs; and (c) the putative class contains at least 100 members. 28 U.S.C. § 1332(d); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). This suit satisfies all the requirements under CAFA for federal jurisdiction.

### A. Burden on Removal

10. In removing an action to federal court under CAFA, a defendant is not

required to submit evidence that the jurisdictional elements are satisfied. To the contrary, a "defendant's notice of removal need include only a plausible allegation" that the CAFA requirements are satisfied. *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81 (2014).

### B.     Minimal Diversity Exists.

11.    CAFA requires minimal diversity—at least one putative class member must be a citizen of a state different than one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, many putative class members are citizens of the State of California. Specifically, Plaintiff "brings this action individually and on behalf of … all persons within California" whose communications on Defendant's website, http://www.paulaschoice.com, were allegedly wiretapped. (Complaint ¶ 22.) "[A] person's place of residence ... is prima facie proof of his domicile" for purposes of jurisdiction. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (same); *Gonzalez v. First NLC Fin. Serv.*, 2009 WL 2513670, at *2 (C.D.Cal. Aug. 12, 2009) (same).

12.    In fact, the putative class contains at least one putative class member who is expressly identified as "a resident and citizen of the State of California," namely, Plaintiff Annette Cody. (Complaint ¶ 4); *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) ("under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations. ..."); *see also Hollinger*, 654 F.3d at 571 (residence is "prima facie proof" of domicile).

13.    For the purposes of CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698 (4th Cir. 2010) (holding "the term 'unincorporated association' in § 1332(d)(10) refers to all non-corporate business

entities…[t] a limited liability company… is an 'unincorporated association' within the meaning of § 1332(d)(10)."). Here, Paula's Choice is a limited liability company organized under the laws of the State of Washington.

14. The phrase "principal place of business" refers to the place where a company's "high level officers direct, control, and coordinate" operations, and will "typically be found" at a company's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 175 L.Ed.2d 1029, 130 S.Ct. 1181 (2010).

15. Here, Paula's Choice's officers direct, control, and coordinate Paula's Choice's activities from its headquarters in Seattle, Washington. Thus, Paula's Choice's principal place of business is in the State of Washington.

16. Because Paula's Choice is a citizen of Washington, and because many putative class members are citizens of California, minimal diversity exists.

### C. The Putative Class Exceeds 100 Members.

17. CAFA requires that the class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). This requirement is met here. Plaintiff alleges she "does not know the number of Class Members but believes the number to be in the *thousands, if not more*." (*See* Complaint ¶ 23 (emphasis added).)

### D. The CAFA Amount-in-Controversy Requirement is Satisfied.

18. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). In a Notice of Removal, a defendant need only allege that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Moreover, the ultimate inquiry depends on what amount is "put in controversy" by the plaintiff—not what a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In

considering whether the amount in controversy is met in actions seeking statutory penalties, courts may consider the statutory maximum penalty available under the claims asserted. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Morey v. Louis Vuitton N. Am., Inc.*, 461 Fed. Appx. 642, 643 (9th Cir. 2011) (CAFA amount-in-controversy satisfied where "complaint sought [statutory] penalties of 'up to ... $1,000 per violation'").

19. Here, based upon Plaintiff's allegations and theories (which Paula's Choice disputes, but which control for removal purposes), the $5,000,000 amount in controversy requirement is satisfied. Plaintiff's prayer for relief seeks for Plaintiff and each member of the putative class, statutory damages for violations of CIPA and punitive damages.

20. "Any person who has been injured by [violations of Cal. Penal Code section 631 and Cal. Penal Code section 632.7] may bring an action [for] (1) Five thousand dollars ($5,000) per violation. Cal. Penal Code section 637.2.

21. The Complaint does not quantify the number of alleged wiretaps at issue, or otherwise quantify the amount of damages sought. (*See* Complaint ¶¶ 33, 41 (alleging only that the putative class is entitled to "injunctive relief and statutory violations.").) The Complaint alleges Plaintiff "does not know the number of Class Members but believes the number to be in the thousands, if not more." (*See* Complaint ¶ 23). Thus, the amount in controversy far exceeds the $5,000,000 to satisfy CAFA's amount in controversy requirement (*i.e.*, $5,000 in statutory damages per violation of Cal. Penal Code section 631 plus $5,000 in statutory damages per violation of Cal. Penal Code section 632.7, multiplied by 2,000 putative class members alone equals $10,000,000 for alleged violations of CIPA).

22. The exceptions to CAFA preventing removal do not apply here.

**IV.   REMOVAL TO THE CENTRAL DISTRICT IS PROPER**

23. This Notice of Removal is filed within thirty days of December 29, 2022, when Paula's Choice was served with the Summons and Complaint in the State

1 Court Action.  Thus, this Notice of Removal is timely filed in accordance with 18
2 U.S.C. § 1446(b).
3        24.    The United District Court for the Central District of California embraces
4 the county and court in which the Plaintiff filed this case. 28 U.S.C. § 84(c).
5 Therefore, this action is properly removed to this Court pursuant to 28 U.S.C.
6 § 1446(a).
7        25.    Pursuant to 28 U.S.C. § 1446(a), Paula's Choice has attached as **Exhibit
8 A**, a copy of all process, pleadings and orders served upon it in the State Court
9 Action.
10       26.    Paula's Choice will promptly serve Plaintiff with this Notice of
11 Removal, and will promptly file a copy of this Notice of Removal with the clerk of
12 the Superior Court of the State of California for the County of Orange, as required by
13 28 U.S.C. § 1446(d).
14
15 Dated:  Janaury 30, 2023            Respectfully submitted,
16                                     DENTONS US LLP
                                       MICHAEL J. DUVALL
17                                     KELLY R. GRAF
                                       POOJA L. SHAH
18
19
                                       By: */s/  Kelly R. Graf*
20                                           Kelly R. Graf
21                                     Attorneys for Defendant
                                       PAULA'S CHOICE
22
23
   123069811
24
25
26
27
28

- 7 -