# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>PAULA'S CHOICE, LLC, a Washington limited liability company, and<br>DOES 1 through 10, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>ANNETTE CODY, individually and on behalf of all others similarly<br>situated, | ***FOR COURT USE ONLY***<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>751 W. Santa Ana Blvd., Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br><br>30-2022-01298397-CU-MT-CXC<br><br>Judge William Claster |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC      Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

DATE:    DAVID H. YAMASAKI, Clerk of the Court    Clerk, by    *G. Ramirez*   , Deputy
*(Fecha)* 12/21/2022    *(Secretario)*      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

Case 8:23-cv-00188-JVS-DFM Document 1 Filed 01/30/23 Page 3 of 28 Page ID #:10

Electronically Filed by Superior Court of California, County of Orange, 12/21/2022 05:43:08 PM.
30-2022-01298397-CU-MT-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.

1   PACIFIC TRIAL ATTORNEYS
    A Professional Corporation
2   Scott J. Ferrell, Bar No. 202091
    sferrell@pacifictrialattorneys.com
3   Victoria C. Knowles, Bar No. 277231        <span style="color:blue">Assigned for All Purposes</span>
    vknowles@pacifictrialattorneys.com
4   4100 Newport Place Drive, Ste. 800                <span style="color:blue">Judge William Claster</span>
    Newport Beach, CA 92660
5   Tel: (949) 706-6464                                   <span style="color:blue">cx-104</span>
    Fax: (949) 706-6469
6
    Attorneys for Plaintiff
7

8

9               **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10                          **COUNTY OF ORANGE**

11
    ANNETTE CODY, individually and on behalf of    Case No.   30-2022-01298397-CU-MT-CXC
12  all others similarly situated,

13              Plaintiff,

14              v.                                  **CLASS ACTION COMPLAINT FOR**
                                                   **VIOLATIONS OF:**
15  PAULA'S CHOICE, LLC, a Washington limited      **(1) PENAL CODE § 631; AND**
    liability company, and DOES 1 through 10,      **(2) PENAL CODE § 632.7**
16  inclusive,

17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

# I. <u>INTRODUCTION</u>

**Defendant (1) secretly wiretaps the private conversations of everyone who communicates through the chat feature at <u>www.paulaschoice.com</u> (the "Website"); and (2) allows at least one third party to eavesdrop on such communications in real time and during transmission to harvest data for financial gain.**

**Defendant does not obtain visitors' consent to either the wiretapping or the eavesdropping. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA") in numerous ways.**

## II. <u>JURISDICTION AND VENUE</u>

1.    This Court has jurisdiction over all causes of action asserted herein.

2.    Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

3.    Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## III. <u>PARTIES</u>

4.    Plaintiff is a resident and citizen of California.

5.    Defendant owns, operates, and/or controls the Website.

6.    The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.    Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and

scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

8.      Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### IV. FACTUAL ALLEGATIONS

9.      The California Invasion of Privacy Act ("CIPA") prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication. Compliance with CIPA is easy, and the vast majority of website operators comply by conspicuously warning visitors when their conversations are being recorded or if third parties are eavesdropping on them.[1]

10.      Unlike most companies, Defendant *ignores* CIPA.  Instead, Defendant both ***wiretaps*** the conversations of all website visitors and allows a third party to ***eavesdrop*** on the conversations in real time during transmission.  Why?  Because, as one industry expert notes, "*Live chat transcripts are the gold mines of customer service.  At your fingertips, you have valuable customer insight. . .**When people are chatting, you have direct access to their exact pain points.**"*).  *See* https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts    (downloaded    December 2022).

11.      Defendant's wiretapping and eavesdropping are not incidental to the act of facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, Defendant's actions violate both industry norms and the legitimate expectations of consumers.[2]

12.      To enable the ***wiretapping***, Defendant has covertly embedded software code that functions as a device and contrivance into its website that automatically intercepts, records and creates transcripts of all conversations using the website chat feature.   To enable the ***eavesdropping***,

---

[1]    *See* www.leechtishman.com/insights/blog ("*CIPA Compliance is not difficult. A business must take certain steps. . .with a chat feature. . .to ensure that it obtains valid consent consistent with the holdings of courts interpreting CIPA.*") (last downloaded December 2022).

[2]    According to a recent poll, nearly eight in ten Americans believe that companies do not collect or share consumer data gathered online, while about seven in ten believe that they remain anonymous when engaged in online activities like web browsing and chatting.  *See* https://www.ipsos.com/en-us/news-polls/data-privacy-2022 (last downloaded December 2022).

Defendant allows at least one independent third-party vendor (on information and belief, Zopim and/or Hubspot) to use a software device or contrivance to secretly intercept (during transmission and in real time), eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors – even when such conversations are private and deeply personal. The data from those transcripts are then used for targeted marketing or other purposes.

13.    Defendant neither informed visitors of this conduct nor obtained their consent to these intrusions.

14.    Given the nature of Defendant's business, visitors often share highly sensitive personal data with Defendant via the website chat feature. As noted above, visitors would be shocked and appalled to know that Defendant secretly records those conversations, and would be even more troubled to learn that Defendant allows a third party to eavesdrop on the conversations in real time under the guise of "data analytics."

15.    Defendant's conduct is illegal, offensive, and contrary to visitor expectations: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.

16.    Plaintiff is a consumer privacy advocate with dual motivations for initiating a conversation with Defendant. First, Plaintiff was genuinely interested in learning more about the goods and services offered by Defendant. Second, Plaintiff is a "tester" who works to ensure that companies abide by the privacy obligations imposed by California law. As someone who advances important public interests at the risk of vile personal attacks, Plaintiff should be "praised rather than vilified." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

17.    In enacting CIPA, the California legislature intentionally chose to extend its protections to all "persons" utilizing public telephone lines. Indeed, because the legislature expressly extended protection to persons beyond individuals claiming pecuniary loss, statutes like CIPA are largely enforced by civic-minded "testers" such as Plaintiff. See *Tourgeman v. Collins Fin. Servs.*, Inc., 755

- 4 -

F.3d 1109 (9th Cir. 2014) (explaining why testers have Article III standing and generally discussing value and importance of testers in enforcement of consumer protection and civil rights statutes).[3]

18.     Within the last year, Plaintiff visited Defendant's Website.  Plaintiff used a smart phone (a cellular telephones with an integrated computer to enable web browsing) and had a conversation with Defendant.   As such, Plaintiff's communications with Defendant were transmitted from a "cellular radio telephone" as defined by CIPA.

19.     By definition, Defendant's chat communications from its website are transmitted to website visitors by telephony subject to the mandates of CIPA:  "[T]hough written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).   *See also* https://www.britannica.com/technology/Internet ("*The Internet works through a series of networks that connect devices around the world through telephone lines.*") (last downloaded December 2022).

20.     Defendant did not inform Plaintiff or Class Members that Defendant was secretly recording their conversations or allowing, aiding, and abetting a third party to intercept and eavesdrop on them in real time.  Plaintiff did not learn that Defendant secretly recorded their conversation or allowed a third party to eavesdrop upon it until after the conversation was completed and additional, highly technical research was completed.

21.     Defendant did not obtain Class Members' express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did Class Members know at the time of the conversations that Defendant was secretly wiretapping them and allowing third parties to eavesdrop on them.

---

[3]   Civil rights icon Rosa Parks was acting as a "tester" when she initiated the Montgomery Bus Boycott in 1955, as she voluntarily subjected herself to an illegal practice to obtain standing to challenge the practice in Court.  *See* https://www.naacpldf.org/press-release/ldf-pays-tribute-to-rosa-parks-on-the-sixtieth-anniversary-of-her-courageous-stand-against-segregation/ "(*Contrary to popular myth, Rosa Parks was not just a tired seamstress who merely wanted to sit down on a bus seat that afternoon. She refused to give up her seat on principle. Parks had long served as the secretary of the Montgomery branch of the NAACP [and] challenging segregation in Montgomery's transportation system was on the local civil rights agenda for some time.*")  (last downloaded December 2022).

# V. CLASS ALLEGATIONS

22.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

**All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

23.     NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

24.     COMMONALITY: Common questions of fact and law exist as to all class members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.      Whether Defendant caused electronic communications from class members with the Website to be recorded, intercepted, and/or monitored;

b.      Whether Defendant aided and abetted a third party in eavesdropping on such communications;

c.      Whether Plaintiff and Class Members are entitled to statutory penalties; and

d.      Whether Class Members are entitled to injunctive relief.

25.     TYPICALITY: As a person who visited Defendant's Website and whose chat was recorded, intercepted and eavesdropped upon without prior knowledge or consent, Plaintiff is asserting claims that are typical of the Class.

26.     ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

27.    SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## FIRST CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 631

28.    Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section". ***Here, Defendant does all three.***

*29.*    Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website. "Though written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).

30.    The software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

31.    At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded.  Defendant also aided, abetted at least one third party to eavesdrop upon such conversations during transmission and in real time.

32.    Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

33.    Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

### SECOND CAUSE OF ACTION

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 632.7**

34.    Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."  As summarized by the California Supreme Court in *Smith v. Loanme*, under section 632.7(a) it is a crime when a person intercepts or records "a communication transmitted between a cellular or cordless telephone and another telephone."  Stated differently, only one party to the conversation needs to be using a cellular phone for the prohibitions of Section 632.7 to apply.

35.    Section 632.7 defines "Communication" exceptionally broadly – including not only voice communication, but also communications transmitted by "data, or image, including facsimile." Text messages sent from a smart phone to a computer or internet, like the messages at issue here, are considered data transmissions via cellular telephony to landline telephony, thus subject to Section 632.7. *See* https://www.techtarget.com/searchmobilecomputing/definition/texting ("*Text messaging is the act of sending short, alphanumeric communications between cellphones, pagers or other hand-held devices, as implemented by a wireless carrier. . .* ***Users can also send text messages from a***

***computer to a hand-held device. Web texting, as it's called, is made possible by websites called SMS gateways."***) (last downloaded December 2022).

36.    Courts have applied Section 632.7 to internet data communications like those at issue here.  *See Adler v. Community.com, Inc.*, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021)  Moreover, Section 637.2 "apply to all communications, not just confidential communications."  *Kearney v. Salomon Smith Barney*, *Inc.* (2006)  39  Cal.4th  95, 122.

37.    Plaintiff and the class members communicated with Defendant using telephony subject to the mandates and prohibitions of Section 632.7.

38.    Defendant's communication from the chat feature on its website is transmitted via telephony subject to the mandates and prohibitions of Section 632.7.

39.    As set forth above, Defendant recorded telephony communication without the consent of all parties to the communication in violation of Section 632.7.

40.    As set forth above, Defendant also aided and abetted a third party in the interception, reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

41.    Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.    An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.    An order declaring Defendant's conduct violates CIPA;

3.    An order of judgment in favor of Plaintiff and the Class and against Defendant on the causes of action asserted herein;

4.    An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

5.    Statutory damages pursuant to CIPA;

6.    Punitive damages;

7.    Reasonable attorneys' fees and costs; and

8.      All other relief that would be just and proper as a matter of law or equity, as determined

by the Court.

Dated: December 21, 2022                       PACIFIC TRIAL ATTORNEYS, APC

                                        By:_____
                                        Scott. J. Ferrell
                                        Attorneys for Plaintiff

Electronically Filed by Superior Court of California, County of Orange, 12/21/2022 05:43:08 PM.
30-2022-01298397-CU-MT-CXC - ROA # 5 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.
ID #:20

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, A Professional Corporation
4100 Newport Place Drive, Suite 800,  Newport Beach, CA 92660

TELEPHONE NO.: (949) 706-6464          FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff and the Class

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA  92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Cody, et al. v. Paula's Choice, LLC, et al.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 30-2022-01298397-CU-MT-CXC |
| | | | | JUDGE: Judge William Claster |
| | | | | DEPT: CX-104 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[X] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Two (2)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 21, 2022

Scott J. Ferrell
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non- domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non- harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**Page 2 of 2**
**CIVIL CASE COVER SHEET**                    *LexisNexis® Automated California Judicial Council Forms*

Electronically Filed by Superior Court of California, County of Orange, 01/12/2023 08:00:00 AM.
30-2022-01298397-CU-MT-CXC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By E. effinguser, Deputy Clerk.
ID #:22

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and Address) | FOR COURT USE ONLY |
|---|---|
| SCOTT J. FERRELL, (SBN: 202091)<br>VICTORIA C. KNOWLES (SBN: 277231)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464    FAX NO. (Optional): (949) 706-6469<br>E–MAIL ADDRESS (Optional): sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR (Name): PLAINTIFF, | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 751 W. SANTA ANA BLVD.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SANTA ANA, CA 92701<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: ANNETTE CODY, ET AL.<br><br>DEFENDANT/RESPONDENT: PAULA'S CHOICE, LLC, A WASHINGTON LIMITED<br>LIABILITY COMPANY, ET AL. | CASE NUMBER:<br>30-2022-01298397-CU-MT-CXC |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 1166419JR |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of :
    - a.☒   Summons
    - b.☒   Complaint
    - c.☒   Alternative Dispute Resolution (ADR) package
    - d.☒   Civil Case Cover Sheet *(served in complex cases only)*
    - e.☐   cross-complaint
    - f. ☐   other *(specify documents):*
3.  a. Party served: *(specify name of party as shown on documents served):*
        PAULA'S CHOICE, LLC, A WASHINGTON LIMITED LIABILITY COMPANY
    b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
        under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
        CT Corporation System, Registered Agent, by serving James Robert, Authorized Representative
4.  Address where the party was served: 711 CAPITOL WAY S., SUITE 204
        OLYMPIA, WA 98501
5. I served the party *(check proper box)*
    a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on *(date):* December 29, 2022   (2) at: *(time)* 12:46 PM

    b. ☐ **by substituted service.** On *(date):*                at: *(time)*            . I left the documents listed in item 2
        with or in the presence of (name and title or relationship to the person indicated in item 3):
        - (1) ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.
        - (2) ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.
        - (3) ☐    **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.
        - (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*         *(city):*           or ☐ a declaration of mailing is attached.
        - (5) ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |

| PLAINTIFF/PETITIONER: ANNETTE CODY, ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PAULA'S CHOICE, LLC, A WASHINGTON LIMITED LIABILITY COMPANY, ET AL. | **30-2022-01298397-CU-MT-CXC** |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1) (date):                                    (1) (city):
  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return
       envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)*
       (Code Civ. Proc., § 415.30.)
  (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** (specify means of service and authorizing code section):
       ☐        Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☒ on behalf of (specify): PAULA'S CHOICE, LLC, A WASHINGTON LIMITED LIABILITY COMPANY
        under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)                     ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)             ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)       ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)                    ☐ 415.46 (occupant)
                                                ☒ other:LLC

7. **Person who served papers**
   a.  Name: Neil Young
   b.  Address: **800 W. 1ST STREET, SUITE 200-B**
       **LOS ANGELES, CALIFORNIA 90012**
   c.  Telephone number: **(213) 607-9000**
   d.  The fee for service was: $ 179.00
   e.  I am:

       **USA Legal Network**

       (1) ☒ not a registered California process server.
       (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
       (3) ☐ registered California process server:
            (i) ☐ owner ☐ Employee ☐ independent contractor.
            (ii) ☐ Registration No.:
            (iii) ☐ County: State of WA

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
     Or
9. ☐ I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: January 6, 2023


Neil Young
_____              _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)          (SIGNATURE)

Form Adopted for Mandatory Use
 Judicial Council of California
POS-010 [Rev. January 1, 2007]
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure § 417.10

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 01/13/2023                TIME: 03:54:00 PM          DEPT:  CX104

JUDICIAL OFFICER PRESIDING: William Claster
CLERK: G. Hernandez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: . None

CASE NO: **30-2022-01298397-CU-MT-CXC**   CASE INIT.DATE: 12/21/2022
CASE TITLE: **Cody vs. Paula's Choice, LLC, a Washington limited liability company**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Mass Tort

---

EVENT ID/DOCUMENT ID: 73929793
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factor of California Rules of Court 3.715 & 3.400: Case is complex.

Each party who has not paid the Complex fee of $ 1,000 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order.  Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Case Management Conference is scheduled for 04/18/2023 at 08:30 AM in Department CX104.

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352. Plaintiff shall give notice of the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

**The Court issues the attached Case Management Conference Order.**

Court orders clerk to give notice.

---

## CASE MANAGEMENT CONFERENCE ORDER

Prior to the Initial Case Management Conference, counsel for all parties are ordered to meet and confer to discuss the following topics. Additionally, counsel shall be prepared to discuss these issues with this Court at the Initial Case Management Conference:

1. Parties and the addition of parties;
2. Claims and defenses;
3. Issues of law that, if considered by the Court, may simplify or foster resolution of the case.
4. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
5. A plan for preservation of evidence;
6. A plan for disclosure and discovery;
7. Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;
8. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
9. Procedures for the drafting of a Case Management Order, if appropriate;
10. Any issues involving the protection of evidence and confidentiality.

**Counsel for plaintiff is to take the lead in preparing a Joint Initial Case Management Conference report to be filed on or before 04/11/2023.**

The Joint Initial Case Management Conference Report is to include the following:

1. A list of all parties and counsel;
2. A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
3. An outline of the claims and cross-claims and the parties against whom each claim is asserted;
4. Service lists and procedures for efficient service filing;
5. Whether any issues of jurisdiction or venue exist that might affect this Court's ability to proceed with this case;
6. Applicability and enforceability of arbitration clauses;
7. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;
8. A description of core factual and legal issues;
9. A description of legal issues that, if decided by the Court, may simplify or further resolution of the case;
10. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;

11. Whether particular documents and witness information can be exchanged by agreement of the parties;
12. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
13. The usefulness of a written case management order; and
14. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Case Management Conference Report, the positions of each party or of various parties shall be set forth separately. The parties are NOT to use the case management conference form for non-complex cases (Judicial Council Form CM-110).

Plaintiff shall give notice of the Case Management Conference and serve a copy of this order upon any defendants presently or subsequently served.

ATTORNEYS APPEARING AT THE CASE MANAGEMENT CONFERENCE MUST BE FULLY FAMILIAR WITH THE PLEADINGS AND THE AVAILABLE FACTUAL INFORMATION, AND MUST ALSO HAVE THE AUTHORITY TO ENTER INTO STIPULATIONS. THESE REQUIREMENTS SHALL ALSO APPLY TO ANY FUTURE STATUS CONFERENCES HELD IN THIS CASE.

Electronically Filed by Superior Court of California, County of Orange, 01/17/2023 10:06:00 AM.
30-2022-01298397-CU-MT-CXC - ROA # 14 - DAVID H. YAMASAKI, Clerk of the Court By C9 Ramirez, Deputy Clerk.
ID #:27

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
4  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA 92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6

7  Attorneys for Plaintiff and the Class

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF ORANGE

10

11  ANNETTE CODY, individually and on behalf of    Case No.: 30-2022-01298397-CU-MT-CXC
    all others similarly situated,                 Assigned to Honorable William Claster
12                                                  Dept. CX-104
                Plaintiff,
13                                                  **NOTICE OF MINUTE ORDER RE
         vs.                                        COMPLEX CASE, CASE MANAGEMENT
14                                                  CONFERENCE, MANDATORY
    PAULA'S CHOICE, LLC, a Washington limited       ELECTRONIC FILING AND CASE
15  liability company, and DOES 1 through 10,       MANAGEMENT ORDER**
    inclusive,
16                                                  Filed: December 21, 2022
                Defendants.                         Trail Date: None Set
17

18

19

20

21

22

23

24

25

26

27

28

1      PLEASE TAKE NOTICE that this matter has been designated as Complex.

2      PLEASE TAKE FURTHER NOTICE the court has scheduled a Case Management Conference

3   for April 18, 2023, at 8:30 a.m., in Department CX104, of the above-entitled court located at 751 W.

4   Santa Ana Blvd, Santa Ana, CA 92701.

5      PLEASE TAKE FURTHER NOTICE that this case is subject to mandatory electronic filing

6   pursuant to Superior Court Rules, County of Orange Rule 352.

7      Plaintiff was ordered to provide notice of the Case Management Conference and to serve a

8   copy of the Case Management Conference Order.   A true and correct copy of the Court's Minute

9   Order is attached hereto as Exhibit A.

10  Dated:  January 17, 2023                    PACIFIC TRIAL ATTORNEYS, APC

11

12                                      By: _____

13                                          Scott J. Ferrell
                                            Attorney for Plaintiff and the Class

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MINUTE ORDER RE COMPLEX CASE, CASE MANAGEMENT CONFERENCE, MANDATORY ELECTRONIC FILING AND CASE MANAGEMENT ORDER**

# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Cody vs. Paula's Choice, LLC, a Washington limited liability company

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2022-01298397-CU-MT-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), dated , have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on January 13, 2023, at 4:28:07 PM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

PACIFIC TRIAL ATTORNEYS
SFERRELL@PACIFICTRIALATTORNEYS.COM

PACIFIC TRIAL ATTORNEYS
VKNOWLES@PACIFICTRIALATTORNEYS.COM

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 01/13/2023                    TIME: 03:54:00 PM             DEPT:  CX104

JUDICIAL OFFICER PRESIDING: William Claster
CLERK: G. Hernandez
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: . None

CASE NO: **30-2022-01298397-CU-MT-CXC**    CASE INIT.DATE: 12/21/2022
CASE TITLE: **Cody vs. Paula's Choice, LLC, a Washington limited liability company**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Mass Tort

EVENT ID/DOCUMENT ID: 73929793
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factor of California Rules of Court 3.715 & 3.400: Case is complex.

Each party who has not paid the Complex fee of $ 1,000 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order.  Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Case Management Conference is scheduled for 04/18/2023 at 08:30 AM in Department CX104.

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352. Plaintiff shall give notice of the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

**The Court issues the attached Case Management Conference Order.**

Court orders clerk to give notice.

## CASE MANAGEMENT CONFERENCE ORDER

Prior to the Initial Case Management Conference, counsel for all parties are ordered to meet and confer to discuss the following topics. Additionally, counsel shall be prepared to discuss these issues with this Court at the Initial Case Management Conference:

1. Parties and the addition of parties;
2. Claims and defenses;
3. Issues of law that, if considered by the Court, may simplify or foster resolution of the case.
4. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
5. A plan for preservation of evidence;
6. A plan for disclosure and discovery;
7. Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;
8. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
9. Procedures for the drafting of a Case Management Order, if appropriate;
10. Any issues involving the protection of evidence and confidentiality.

**Counsel for plaintiff is to take the lead in preparing a Joint Initial Case Management Conference report to be filed on or before 04/11/2023.**

The Joint Initial Case Management Conference Report is to include the following:

1. A list of all parties and counsel;
2. A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
3. An outline of the claims and cross-claims and the parties against whom each claim is asserted;
4. Service lists and procedures for efficient service filing;
5. Whether any issues of jurisdiction or venue exist that might affect this Court's ability to proceed with this case;
6. Applicability and enforceability of arbitration clauses;
7. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;
8. A description of core factual and legal issues;
9. A description of legal issues that, if decided by the Court, may simplify or further resolution of the case;
10. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;

11. Whether particular documents and witness information can be exchanged by agreement of the parties;
12. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
13. The usefulness of a written case management order; and
14. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Case Management Conference Report, the positions of each party or of various parties shall be set forth separately. The parties are NOT to use the case management conference form for non-complex cases (Judicial Council Form CM-110).

Plaintiff shall give notice of the Case Management Conference and serve a copy of this order upon any defendants presently or subsequently served.

ATTORNEYS APPEARING AT THE CASE MANAGEMENT CONFERENCE MUST BE FULLY FAMILIAR WITH THE PLEADINGS AND THE AVAILABLE FACTUAL INFORMATION, AND MUST ALSO HAVE THE AUTHORITY TO ENTER INTO STIPULATIONS. THESE REQUIREMENTS SHALL ALSO APPLY TO ANY FUTURE STATUS CONFERENCES HELD IN THIS CASE.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place, Suite 800, Newport Beach, CA 92660.

On January 17, 2023, I served the foregoing document described as **NOTICE OF MINUTE ORDER RE COMPLEX CASE, CASE MANAGEMENT CONFERENCE, MANDATORY ELECTRONIC FILING AND CASE MANAGEMENT ORDER** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

[ X ]  (BY MAIL)  I am familiar with the practice of Newport Trial Group for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Newport Trial Group, Newport Beach, California, following ordinary business practices.

[ ]  (BY FEDERAL EXPRESS)  I am familiar with the practice of Newport Trial Group for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Newport Trial Group, Newport Beach, California, following ordinary business practices.

[ ]  (BY HAND DELIVER)  I am familiar with the practice of Newport Trial Group for collection and processing of correspondence for hand delivery by courier.  I caused such document t be delivered by hand to the addresse(s) designated.

[ ]  (BY ELECTRONIC TRANSMISSION)  I served electronically from the electronic notification address of kkirshner@trialnewport.com the document described above and a copy of this declaration to the person and at the electronic notification address set forth herein.  The electronic transmission was reported as complete and without error.

**[ ]  (**BY ELECTRONIC SERVICE) I am causing the document(s) to be served by email or electronic transmission via One Legal sent on the date shown below to the email addresses of the persons listed in the attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on January 17, 2023, at Newport Beach, California.

Chantel Kirshner

- 1 -
PROOF OF SERVICE

1

2

**SERVICE LIST**

3

PAULA'S CHOICE, LLC                          Defendant

4

705 5th Ave S., Ste. 200                       PAULA'S CHOICE, LLC
Seattle, WA 98104

5

PAULA'S CHOICE, LLC                          Registered Agent for Defendant

6

c/o CT Corporation System                   PAULA'S CHOICE, LLC
28 Liberty Street

7

New York, NY 10005

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE